**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2853
_____

UNITED STATES OF AMERICA

v.

RYAN T. BLUMLING,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:15-cr-00028-001)
District Judge: Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 30, 2025

Before: KRAUSE, PORTER, and ROTH, *Circuit Judges*

(Filed: April 23, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**KRAUSE**, *Circuit Judge*.

Appellant Ryan Blumling violated the conditions of his supervised release, and the District Court sentenced him to 40 months' imprisonment. Upon Blumling's filing of a *pro se* appeal, his counsel has moved to withdraw pursuant to Third Circuit L.A.R. 109.2 and *Anders v. California*, 386 U.S. 738 (1967). We perceive no non-frivolous issues after an independent review of the record, and therefore will grant counsel's motion and affirm.

## I.    DISCUSSION[1]

When counsel seeks to withdraw under *Anders*, we ask two questions: "(1) whether counsel's brief in support of [his] motion fulfills the requirements of L.A.R. 109.2(a); and (2) whether an independent review of the record presents any non-frivolous issues." *United States v. Langley*, 52 F.4th 564, 569 (3d Cir. 2022). We address each in turn.

### A.    Counsel's Brief Satisfies *Anders'* Requirements

To comport with the requirements of L.A.R. 109.2(a) and withdraw under *Anders*, counsel must satisfy the court that he has "thoroughly examined the record in search of appealable issues" and "explain[] why those issues are frivolous." *Id.* Defense counsel's filing reflects a thorough review of the record, as well as additional conversations with Blumling and other relevant parties. It also explains counsel's conclusion that there are

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231 and authority to revoke supervised release under 18 U.S.C. § 3583(e), and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the reasonableness of the District Court's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

no non-frivolous arguments as to the District Court's authority to revoke Blumling's supervised release or the procedural and substantive reasonableness of the imposed sentence. Counsel has therefore met his burden under *Anders*.

**B.      There are No Non-Frivolous Issues on Appeal**

Our independent review of the record, guided by counsel's brief, confirms that there are no non-frivolous issues on appeal. *See id.* ("[I]f counsel has fulfilled [his] obligation under *Anders*, then we may limit our review of the record to the issues counsel raised.").

First, the District Court had authority to revoke Blumling's supervised release. Revocation and imprisonment may be ordered where the Court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Here, the Probation Office reported that Blumling committed ten violations of his supervised release terms. Blumling admitted to violations 4–9 through counsel, and the Court accordingly found that he committed those violations by a preponderance of the evidence. Then, after argument and the presentation of evidence in a hearing that complied with Federal Rule of Criminal Procedure 32.1, the Court found that he also committed violation 10.

It is true that the District Court did not ask Blumling if he admitted to violations 4–9 directly, and he now claims that he "did not agree and/or instruct counsel to voluntarily admit to all of the violations." Pro Se Br. 17. But while waiver of Rule 32.1's protections must be knowing and voluntary, we do not require "rigid or specific colloquies" in the context of supervised release revocation. *United States v. Manuel*, 732

3

F.3d 283, 291 (3d Cir. 2013) (quoting *United States v. Hodges*, 460 F.3d 646, 651 (5th Cir. 2006)). The waiver is valid if it is "knowing and voluntary under a 'totality of the circumstances,'" *id.*—a standard satisfied here because Blumling affirmed that his counsel had "done everything [he] asked him to do" and nothing Blumling "believe[s] he should not have done," App. 53–54. In any event, the Court still had authority to revoke the term of supervised release based on its finding that Blumling committed violation 10, and nothing in the record indicates that this finding was the result of an abuse of discretion or a procedurally deficient hearing.

Second, the sentence was procedurally reasonable. A district court is required to correctly calculate the applicable guidelines range, consider departure motions, and consider the relevant 18 U.S.C. § 3553(a) factors. *See United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010). Here, there were no departure motions and, based on Blumling's criminal history category and the grade of his most serious violation, the Court correctly calculated a guidelines range sentence of 8–14 months on each of his four underlying counts of conviction. The Court also gave due consideration to the § 3553(a) factors. It addressed the seriousness and multitude of Bluming's violations, which included failure to make restitution payments despite having been granted an accommodation, testing positive for drugs and alcohol, leaving the District without authorization, and taking $60,000 from customers for contractor jobs but not completing the work he was hired to do. And it affirmed that the sentence was "sufficient but no greater than necessary to achieve the sentencing goals of rehabilitation, punishment, and deterrence." App. 54.

4

Third, the District Court's imposition of four 10-month sentences to be served consecutively in accord with Blumling's four underlying counts of conviction was substantively reasonable. A sentence is substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). That high bar is not met here. The Court is permitted to "impose consecutive terms of imprisonment upon revocation of supervised release" under 18 U.S.C. § 3584(a) even where, as here, "the sentences for the underlying crimes ran concurrently." *United States v. Dees*, 467 F.3d 847, 851–52 (3d. Cir. 2006). Given the repeated breaches of trust that accompanied Blumling's seven violations, and the financial harm done to those who sought his contracting services, we cannot say that no reasonable court would have imposed the same sentence.

## II.    CONCLUSION

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the judgment of the District Court.[2]

---

[2] In accordance with L.A.R. 109.2(b) we state that the issues presented here lack legal merit, so Blumling's counsel is not required to file a petition for writ of certiorari with the Supreme Court.

5